UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Matthew Sharp                           Crim No.:  1:21- mj-0005

  Defendant.

### DEFENDANT'S MOTION FOR CONDITIONAL PRETRIAL RELEASE

Defendant by and through undersigned counsel, respectfully moves this Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. 3141 et seq., to release the defendant into the third-party custody of his father and commit him to the supervision of a High Intensity Supervision Program (HISP) with GPS monitoring by local Pretrial Services. The defendant requests that he be placed on house arrest with no curfew so that he only remains in the house.  In support of this request the defense states the following:

### FACTS

Defendant is before the court charged with distribution of child pornography and conspiracy to do the same.  Admittedly this conduct warrants serious concern.  The defense acknowledges that the alleged conduct is harmful.  However, it should be noted that there is no indication that the defendant created any of the pornographic images at issue. Nor Is

there any indication in the statement of facts that the defendant ever participated in any abusive conduct with children, nor that he attempted to arrange any actual contact with children nor that he did anything to facilitate or arrange such conduct for others. This is not intended to minimize the danger of defendant's alleged conduct in the instant case.  However, in assessing what potential danger to the community defendant's release poses, it must be noted that at no time is he alleged to have planned, facilitated or attempted to commit any actual physical abuse of any child. His crime is strictly of a voyeuristic nature, including the dissemination of this material.

## DEFENDANT

The defendant is 19 years old. He has absolutely no prior contact with the criminal justice system.  He had been gainfully and steadily employed prior to his arrest in this case. He graduated High School, has taken some college courses and had already risen to the level of being a manager at an Arby's restaurant prior to his arrest.  He is clearly not someone who is oriented towards a criminal lifestyle, quite the contrary. At the time of arrest, he had already made plans to transfer to another job with greater potential for upward mobility at Kettering Hospital where his father is employed. He also had made arrangements to take some college courses to better

himself.

Significantly, prior to his arrest in this case the defendant seems to have "moved away" from his involvement in the conduct at issue. As noted in his father's letter to this court the defendant had stopped participating in the online activity that is at the heart of this case.

The defendant has lived with his father since he was 4 years old and his father gained custody of him. His father is remarried, defendant has a close relationship with his stepmother and father. They provide a stable and supportive family home. As noted in his father's letter, Defendant moved out of the family home when he was 18 but is welcome to return to the family home where he will be under the strict supervision of his father.

The defendant has lived in Dayton, Ohio with his family since he was 4 years old. The Pretrial Services Office for Dayton, Ohio, has reviewed the defendant's case and are prepared to supervise him on pretrial release. Ms. Marie Sebatware (marie_sebatware@ohsp.uscourts.gov) has confirmed that her office is prepared to supervise Mr. Sharp if he is released into the community. They will abide and enforce whatever conditions the Court imposes. They are initially proposing that he remain under house arrest with no internet access. Based on how he does it is anticipated that modification is likely to be sought in the future to allow defendant to go to work, possibly

take online courses and participate in remote therapy with a psychologist. This will not be done without the Court's approval.

## PROPOSED RELEASE CONDITIONS

The defense is proposing that the defendant be released into the supervised custody of his father, Mr. James Richard Sharp. His father has agreed that he will assure that the defendant is transported to attend all court proceedings. The defendant will reside with his father and stepmother at the family home in Dayton, Ohio. The father is prepared to monitor the defendant's activities, to assure that the defendant complies with all conditions of release and report any violations to the Pre-Trial Services officer.

Ms. Marie Sebatware of the Dayton Federal Court Pretrial Services Office has evaluated and agreed to supervise the defendant if released.1 The defendant will remain on house arrest and not leave the family home for any reason. The defendant will have no internet access through any device while on release. The defendant's father is an IT project manager for Kettering Hospital and works from home. He will be available to supervise the defendant throughout the day. The defendant's father has agreed that defendant shall not have access to the internet nor any electronic device

---

1 Ms. Sebatware's Pretrial report is being submitted with this Motion.

while on release if that is the condition the court imposes on the release2. Pretrial services worker Marie Sebatware has advised that they have the ability to place defendant on a GPS monitoring system so that if he does leave the home they will be notified immediately. The defense incorporates the letter from the defendant's father which is being submitted along with this Motion as well as the character references for the defendant's father which attest to his suitability to serve as a third-party custodian.

## MEMORANDUM OF LAW AND ARGUMENT

Defendant submits that the order of detention should be vacated and that this court should set conditions of release in this case. The Bail Reform Act ("the Act"), 18 U.S.C. §§ 3142, et.seq., creates four bail options: release on personal recognizance, release on conditions, temporary detention and pretrial detention. The Act mandates pretrial release on personal recognizance or unsecured bond ("<u>shall</u> order the pretrial release. . . .", 18 U.S.C. § 3142(b)) unless the court determines that release will not reasonably assure the person's appearance or will endanger the safety of

---

2 The defendant's father has agreed to remove all PCs, tablets, any device which could connect to the internet so that defendant could not have access to them. The father has his own computers in the home but they are password protected and the defendant could not be able to access them. Given that he is an IT professional he could assure defendant does not have the ability to access the father's computer.

any person or the community. When personal recognizance or an unsecured bond is determined to be inadequate to guarantee appearance or safety, the Act still mandates release ("shall order the pretrial release...", 18 U.S.C. § 3142(c)) subject to specified conditions. The conditions must be the least restrictive conditions necessary to reasonably assure the defendant's appearance and the community's safety. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986).

There are several factors in the instant case which demonstrate that there are conditions of release which would both guarantee Defendant's appearance and assure the safety of the community. Regarding safety, there is no indication that defendant ever participated or planned to sexually abuse anyone. If he is denied any access to the internet, he could not be in a position to obtain or disseminate the distribution of child pornography. He will be living in a home solely with his father and stepmother so there will not be any contact with any potential victim. Defendant has substantial ties to his community. He is a lifelong resident of the area having lived there since he was 4 years old. His family all reside in the area.

There is no indication the defendant poses any flight risk. He has been cooperative with law enforcement since his arrest, never attempted to flee or avoid capture. Additionally, his father has agreed that he will assure

the defendant is transported from Ohio to any court proceedings.

Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j). To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "<u>there is a small but identifiable group of particularly dangerous [persons]</u> as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this <u>limited group</u> ... that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, <u>reprinted in</u> U.S. Code Cong. & Ad. News 3189 (emphasis supplied). Notwithstanding the charge at issue, defendant should not be considered to be within that limited group. It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention of only a small percentage of the

individuals awaiting trial.

The legislative history of the Act also stresses that '[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." Id. at 7, 12, reprinted in, 1984 U.S. Code Cong. & Ad. News 3189. Defendant is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). See also 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the least restrictive further condition or combination of conditions, that such judicial officer shall determines will reasonably assure the appearance of the person as required and the safety of any other person and the community") (emphasis supplied).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of Section 3142 continues to favor release over pretrial detention. See *U.S. v. Orta*, 760 F.2d at 890-892; *United States v. Miller*, 625 F. Supp. 513, 516-17 (D.Kan. 1985). In the instant case defendant's continued detention without bond is

not the least restrictive alternative case; there are conditions available that will assure the community's safety and his return for future court dates. See *United States v. Xulam*, 84 F.3d 441 (D.C. Cir. 1996).

Title 18 U.S.C. Section 3142(e) provides for pretrial detention if the government is able to show that no condition of release will reasonably assure the accused's appearance as required and the safety of any other person or the community. *See United States v. Salerno*, 481 U.S. 739, 741 (1987).

Here there are conditions available which will reasonably assure the defendant's presence and safety of the community. There is no reason to believe that his release presents any flight risk. The conditions of release place the defendant in a position where he would be unable to do anything dangerous in the community.  While on house arrest, he will not be in contact with any potential victims, noting that there is no indication he ever participated or showed a predilection to actually engage in such conduct. Without internet access there is no forum for him to engage in the conduct that is at issue here.

**WHEREFORE** for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just

and proper, defendant through counsel, respectfully requests that he be released on condition that he remain in house arrest in his father's home, without internet access and on GPS supervision by the Dayton, Ohio pretrial services.

>Respectfully submitted,
>
>_____/s/_____
>Jonathan Zucker # 384629
>37 Florida Av. NE
>Suite 200
>Washington, DC  20002
>(202) 624-0784
>jonathanzuckerlaw@gmail.com
>Counsel for Matthew Sharp

**CERTIFICATE OF SERVICE**

I certify that on February 3, 2021, I caused a copy of the foregoing Memorandum to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSAs.

>____/s/_____
>Jonathan Zucker